**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CECIL BURKHALTER AND
CYNTHIA KIND,

                Plaintiffs,

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

                Defendant.

_____/

CASE NUMBER: 08-11092

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
REHEARING AND/OR RECONSIDERATION, OR IN THE ALTERNATIVE,
TO AMEND THE ORDER DENYING DEFENDANT'S MOTION**

Before the Court is Defendant's motion for reconsideration (Doc. No. 16). The Court has reviewed the motion and brief in support and finds oral argument would not aid in the resolution of this motion. See E. D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **DENIES** Defendant's motion.

**I.    INTRODUCTION**

Plaintiffs Cecil Burkhalter and Cynthia Kind owned a home which was destroyed by fire. Defendant, State Farm Fire and Casualty Company (State Farm) insured the house and its contents. After Defendant received Plaintiffs' loss of personal property form, which included personal property totaling $324,660.46, with more than half of the items purchased during the two-year period prior to the fire, Defendant requested Plaintiffs submit to an examination under oath (EUO). During the examination,

1

Burkhalter testified that his income was "thirtyish, maybe, on the record and it's hard to say off the record. I mean I do a lot of cash business. A lot." Def.'s Ex. E at 12. Although Plaintiffs did answer additional questions about their sources of income off the record, they refused to produce copies of their individual tax returns pursuant to their attorney's advice.

The Court denied State Farm's request to dismiss Plaintiffs' personal property claim with prejudice on the ground that Plaintiffs failed to comply with the provisions of their insurance policy and therefore forfeited any right to coverage. Defendant asks the Court to alter its ruling or allow it leave to appeal the decision immediately.

## II. STANDARD OF REVIEW

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion "for rehearing or reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. Czajkowski v. Tindall & Assoc., P.C., 967 F.Supp. 951, 952 (E.D. Mich. 1997). To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D. Mich.1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F.Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

**III. ANALYSIS**

Here, the Court carefully reviewed authority from Michigan and determined that summary judgment was not warranted. Although the Defendant advances distinctions between this case and those cases used by the Court in analyzing the motion, Defendant has not satisfied the standard for reconsideration.

State Farm disagrees with the Court's analysis. Its argument turns on its contention that a claimant's failure to testify fully about the extent of his income differs significantly from a failure to testify fully about the source of a claimant's income in assessing whether a deviation from the terms of the contract is enough to find a failure of performance.

> Imperfections in the matters of details which do not constitute a deviation from the general plan do not prevent the performance from being regarded as substantial performance. On the other hand, where the deviations or alterations are such as would essentially change the terms of performance, they will be considered as a failure of performance.

Gibson v. Group Ins. Co., 369 N.W.2d 484, 486 (Mich. Ct. App. 1985) (quoting 6A Michigan Law & Practice, Contracts, § 314, pp. 315-316 (footnotes omitted) (upholding denial of summary judgment to insurer). Neither a lie about the fact of a claimant's employment nor a lie about the amount of income constitutes a failure of performance. Here, as in Gibson, the claimant was vague about his assets, which made it more difficult to investigate the insurance claim. Certainly, the amount of personal property purchased within two years of the fire by an individual with little reported income creates a factual basis for challenging Plaintiff's credibility. Nevertheless, he did state that his income was "thirtyish" on the record. This testimony provides a sufficient basis for impeachment, and other than stating his "off the books" income on the record, there is

3

no contention that Burkhalter failed to cooperate.   Under such circumstances Plaintiffs have substantially complied, and summary judgment is inappropriate.

In the alternative, Defendant also requests that this Court issue an order certifying the decision for immediate appeal under 28 U.S.C. § 1292(b).  Certification is a necessary first step for Defendant's appeal of the interlocutory order.

Under § 1292(b), a district court may certify an appeal on an issue that involves a "controlling question of law," provided "there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  As the Sixth Circuit observed, "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

This is not the exceptional case where such review should be granted. State Farm has not satisfied the required criteria set out in 28 U.S.C. § 1292.  Here, the Court is not convinced that the second factor is met--there is no substantial ground for difference of opinion as to whether  Burkholder's testimony essentially changed the terms of performance.  Under these circumstances, Burkholder's refusal to testify under oath regarding the full extent of his income falls within the boundaries of substantial performance.  Accordingly, the Court finds certification is not justified.

## IV. CONCLUSION

Accordingly, Defendant's request for rehearing, reconsideration, and/or immediate appeal is **DENIED**.

**IT IS SO ORDERED**  s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT JUDGE

DATED: November 10, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Marianne O. Battani
Deputy Clerk